GARY M. RESTAINO
United States Attorney

ADDISON OWEN
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Addison.Owen@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Edgar Jesus Ruiz-Alvarado,<br><br>Defendant. | No. CR 23-1085-02-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS AND SENTENCING MEMORANDUM** |

The United States, having reviewed the Presentence Report and Defendant's Presentence Report Objections, opposes and supports the objections as outlined below. After review of the objections and balancing all the sentencing factors, the United States recommends the Court impose a sentence of forty-eight months in the Bureau of Prisons followed by three years' probation, as it is sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.

I.     **FACTS**

On July 8, 2023, Defendant was charged by Complaint in Count 1, Theft of Firearm from a Federal Firearms Licensee, a violation of 18 U.S.C. § 922(u), and Count 2, Unlawfully Present Alien in Possession of a Firearm § 922(g)(5).  On July 18, 2023, the grand jury returned an indictment on the abovementioned charges and additional violations of Material False Statement During the Purchase of a Firearm on various dates.

On May 31, 2024, Defendant pleaded guilty to Count 1. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not the low end of the guideline range. Defendant admitted to the following factual basis in the plea agreement:

On July 7, 2023, Defendant EDGAR JESUS RUIZ-ALVARADO and co-defendant Fidel Abraham Guzman entered Ammo AZ, a Federal Firearms Licensee (FFL) in Phoenix, Arizona, at approximately 2:40 a.m. Defendant EDGAR JESUS RUIZ-ALVARADO and co-defendant Fidel Abraham Guzman grabbed two firearms that were part of Ammo AZ's Inventory, to include:

(1) a gold plated AK47 bearing Serial Number: 292-108449; and,

(2) an Ohio Ordinance 308 B240 belt fed rifle bearing Serial Number: 24113.

Both firearms were manufactured outside of Arizona and travelled in interstate or foreign commerce. Defendant EDGAR JESUS RUIZ-ALVARADO and co-defendant Fidel Abraham Guzman stole and carried away both firearms. Subsequently, co-defendant Fidel Abraham Guzman was found in possession of the firearm listed as item one above. Defendant EDGAR JESUS RUIZ-ALVARADO and co-defendant Fidel Abraham Guzman sold the firearm listed as item two above.

## II. RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS

### A. THE PRESENTENCE REPORT CORRECTLY ATTRIBUTES 21 FIREARMS TO DEFENDANT

The 2021 United States Sentencing Guidelines (USSG) provide for an increase depending upon the total number of firearms used in an offense. USSG §2k2.1(b)(1). The USSG further instructs that when applying Subsection (b)(1), for purposes of calculating the number of firearms, count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer. Consistent with this application note, sentencing under §2k2.1, requires the court look beyond conduct done in preparation for, during, or in the course of avoiding detection after

the offense of conviction and also considers conduct that was part of the "same course of conduct" or "common scheme or plan" as the offense of conviction. USSG §§ 1B1.3(a)(2) and 3D1.2(d).

In the present case, Defendant was engaged in obtaining firearms and reselling them. The offense of conviction is a method in which he utilized to obtain firearms, it is not a separate act that is inconsistent with the common scheme or plan. Therefore, he should receive the +4 increase for the 21 firearms involved in this offense.

For this reason, the Court should overrule this objection.

**B. THE UNITED STATES DOES NOT HAVE SUFFICIENT EVIDENCE TO PROVE DEFENDANT TRAFFICKED THE FIREARMS**

In June 2022, the Bipartisan Safer Communities Act codified the criminal offense of Firearm Trafficking. However, the 2021 USSG do not define Firearms Trafficking consistent with the criminal offense. USSG §2K2.1(b)(5) provides for a +4 increase if the Defendant engaged in firearms trafficking. The Application Notes further comments that Subsection (b)(5) applies, regardless of whether anything of value was exchanged, if the defendant— (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual— (I) whose possession or receipt of the firearm would be unlawful; or (II) who intended to use or dispose of the firearm unlawfully. "Individual whose possession or receipt of the firearm would be unlawful" means an individual who (i) has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. "Crime of violence" and "controlled substance offense" have the meaning given

those terms in §4B1.2 (Definitions of Terms Used in Section 4B1.1). "Misdemeanor crime of domestic violence" has the meaning given that term in 18 U.S.C. § 921(a)(33)(A).

Based on Defendant's admission, it would appear two or more firearms were transferred to "Pechi". However, further details as to "Pechi's" status remain unclear. Because his status is unclear and Defendant's statements do not provide for further evidence, the United States lacks sufficient evidence to argue the nuances of this enhancement.

For this reason, this objection should be sustained.

## C. THE UNITED STATES DOES NOT HAVE SUFFICIENT EVIDENCE TO PROVE THE FIREARMS WERE DESTINED FOR MEXICO

USSG §2K2.1(b)(6)(A) requires a +4 increase when the defendant possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States.

Unlike similar cases, we do not have recoveries of firearms in Mexico, evidence of border crossings, or cell phone data that shows trafficking to Mexico. Instead, we know that "Pechi" lives in Mexico, but appears to spend time in the United States as he met Defendant in Glendale, Arizona. Without additional information and investigation, the United States lacks evidence to support that the firearms were to be transported to Mexico and that the Defendant had knowledge that was their destiny.

For this reason, the objection should be sustained.

## III.    UNITED STATES SENTENCING RECOMMENDATION

The Presentence Report (PSR) calculates an advisory Guideline range of 10 years (Statutory Max), based upon a Total Offense Level of 33 and Defendant's Criminal History Category I.  (PSR page 17.)  Probation is recommending a below guideline sentence of 84 months followed by a 3-year term of supervised release.

If the Court rules consistent with the United States' positions as to the PSR objections, the Defendant's new Total Offense Level will be 25. With a Criminal History Category I, the new guideline range will be 57 – 71 months. For the reasons outlined in the PSR, the United States agrees a below guidelines sentence is appropriate. Considering all sentencing factors, the United States recommends forty-eight months in the Bureau of Prisons followed by three years' probation.

## IV.    CONLCUSION

When balancing Defendant's personal characteristics, mitigating factors, need for deterrence (specific and general), dangerousness of this offense, further future danger because of the outstanding firearm, and to avoid sentencing disparities, a forty-eight months in the Bureau of Prisons followed by three years' probation is appropriate.

Respectfully submitted this 30th day of December, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/Addison Owen*
ADDISON OWEN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.:

Matthew Bartz
*Attorney for Defendant*

*s/Addison Owen*
United States Attorney's Office